**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Ryan Mack, d/b/a
Griffin Galleries,

Plaintiff,

v.

Leslie (Les) Roberts, an individual; Silvia Castro aka Linda Safira, an individual; Coral Gables Galleries, Inc.; Britto in the Grove; Max in the Grove, LLC; Britto Central, Inc.; Magical Thinking Art, Inc. and Romero Britto; an individual,

Defendants.

CASE NUMBER: 13-cv-00197 SRN/JJG

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ROMERO BRITTO, BRITTO CENTRAL, INC. AND MAGICAL THINKING ART, INC.S' MOTION TO DISMISS**

---

## INTRODUCTION

This case arises out of a scheme by Defendants Leslie Roberts, Silvia Castro; Coral Gables Galleries, Inc.; Britto in the Grove, LLC and Max in the Grove, LLC to sell forged pieces of art as original creations and products of internationally known artists Romero Britto and Peter Max for financial gain. Defendant Romero Britto and his corporation Britto Central, Inc. were aware of the scheme and despite this knowledge allowed art dealers and consumers to buy and sell forged Romero Britto works of art and continue to allow forged pieces of Romero Britto works of art to remain in the market place.

This case was filed on January 24, 2013 and on February 13, 2013 Defendant

Romero Britto, Britto Central Inc. and Magical Thinking Art (hereafter referred to as Britto) noted its appearance by local counsel, filed a Notice of Filing Bankruptcy by Romero Britto, Britto Central and Magical Thinking Art of Leslie Roberts and Silvia Safira and then brought a Motion for Admission Pro Hac Vice of Mikhael Ann Bortz. See Mack v. Leslie Roberts, et al, case Number 13-cv-00197 SRN/JJG, Docket No. 11, 12 and 13.

Defendant Britto now moves this Court to dismiss this case because this Court lacks personal jurisdiction over Defendant Britto and then requests the court exercise its jurisdiction to dismiss the Complaint against them because Plaintiff failed to state a claim upon which relief maybe granted.

**STATEMENT OF FACT RELATED TO PERSONAL JURISDICTION**

Defendants Britto attempts to convince this Court that Romero Britto is a world renowned artist who simply sells his paintings out of a gallery in Miami Florida and that his only ties to Minnesota arise from the 55 residents who came to his gallery to buy those paintings. However, Defendants Britto fail to address the following facts related to their general contacts with Minnesota that may establish general jurisdiction:

1) Romero Britto actively solicits consumers nationwide and worldwide by the use of his web site at www.britto.com. See LowdenAff. at Exhibit C.
2) The web site allows the consumer to shop, subscribe to the website and even authenticate his artwork via the website. Id.

3) Defendant Britto and Ashley's Hallmark, a business located in Rochester, Minnesota, entered into a partnership to become a retailer of Britto products which includes purchase within its store and website. Id. at Exhibit D.

What remains unanswered is the number of hits on that website from Minnesota, the number of locations within Minnesota that have accessed the website, who from Minnesota has subscribed to britto.com or even how many Minnesota residents have purchased items through the web site.

Defendants Britto fail to address the specific contacts that have occurred between them and Plaintiff Ryan Mack in Minnesota as outlined by the Complaint. The following are the specific contacts:

1) On September 11, 2009, an Ebay member by the name of Guiccigm@hotmail.com used the BUY IT NOW to purchase a few Britto Paintings that were offered. See MackAffidavit, at Exhibit A.
2) The purchaser Guiccigm was traced back to a Clarence E. Taylor located at 150 NW 25th Street, Miami Florida which is also the location at that time for Magical Thinking Art, Inc. Id. At Exhibit B.
3) Guiccigm sent e-mails to Plaintiff requesting a Certificate of Authenticity with a raised seal from Britto before the purchase. Id. At Exhibit C.
4) On December 9, 2009 Griffin Galleries received a call from Jessica at Magical Thinking Art, Inc. to demand that the Ebay listing for Britto be removed because they were not authentic. Id. at ¶5.

5) On December 30, 2009 Ryan Mack spoke directly to Jessica at Magical Thinking Art to discuss this matter and was asked not to disclose anything to Les Roberts. Id. at ¶6.

6) On January 15, 2010 Ryan Mack submitted a detailed account of what occurred to Jessica at Magical Thinking Art. Id. at Exhibit E.

7) On January 22, 2010 Ryan Mack and Jessica from Magical Thinking Art exchanged additional e-mail communications regarding the position Britto had placed him in by his request to keep this matter quiet with Les Roberts. Id. at Exhibit F.

8) Plaintiff current has 22 forged Britto paintings stored at his gallery in Edina Minnesota. Id. at ¶10.

**STATEMENT OF FACTS RELATED TO THE COMPLAINT**

Plaintiff asserts two causes of actions against Defendants Britto.[1] The first asserts a claim for intentional misrepresentation when a representative of Defendants Britto posed as a legitimate buyer of Britto artwork that they knew at the time was fraudulent and failed to communicate that information to Plaintiff until nearly four months after the purchase of that artwork. That in the course of that purchase Plaintiff in answering questions regarding the Certificate of Authority requested by this fraudulent buyer relied on the information submitted by Defendants Les Roberts that the question regarding the

[1] Defendant Romero Britto, Britto Central, Inc. and Magical Thinking Art, Inc. attempt to draw distinctions and separation of the individual from the corporate entities but the reality is that the for-profit corporations exist and our controlled by Romero Britto in furtherance of Romero Britto.

authenticity of that artwork was answered and continued to market and sell the Britto artworks. See Complaint, ¶¶68-69.

All the while Defendants Britto knew the paintings were fraudulent and the Certificates of Authenticity were fraudulent and that they had a duty to disclose that information to Plaintiff within a timely manner and that the failure to disclose caused Plaintiff damage in the form of continuing to list and sell the forged Britto artworks and to defend those sales with his most valued customers causing damage to his reputation. Id.

Plaintiff also asserts that Defendants Britto were negligent based on the following:

1) Defendants Britto was negligent in allowing this scheme by Les Roberts to continue to operate and that they knew or should have known of the scheme given the prior relationship between the parties and the close proximity of the scheme to Britto; Id. at ¶72
2) The activity by Les Roberts et al. could have only been carried out by someone acting within Britto Central and that Defendants Britto knew or should have known such activity was occurring; Id. at ¶73
3) Defendants Britto were aware of the fraudulent activity of Leslie Roberts et al well before disclosing such activity to Plaintiff and had a duty to disclose this information to Plaintiff; Id. at ¶74
4) Defendants Britto created an affirmative duty to obtain all fraudulent art work sold by Defendants Leslie Roberts et al. and have them destroyed and breached

this duty causing damages to Plaintiff resulting from the dale of fraudulent pieces of art as well as damage to Plaintiff's reputation. Id. at ¶¶75-78.

The specific facts that support the claim were pled in detail within the Complaint in paragraphs 12 through 40. Id.

**PROCEDURE**

A. Rule 12(h) Motion Challenging Personal Jurisdiction.

"A federal court in a diversity action may assume jurisdiction over nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." Morris v. Barkbuster, Inc., 923 F.2d 1277, 1280 (8th Cir.1991). Minnesota's long-arm statute states the following:

**543.19 PERSONAL JURISDICTION OVER NONRESIDENTS.**

Subdivision 1.**Personal jurisdiction.**

As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any nonresident individual, or the individual's personal representative, in the same manner as if it were a domestic corporation or the individual were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or nonresident individual:

(1) owns, uses, or possesses any real or personal property situated in this state; or

(2) transacts any business within the state; or

(3) commits any act in Minnesota causing injury or property damage; or

(4) commits any act outside Minnesota causing injury or property damage in Minnesota, subject to the following exceptions when no jurisdiction shall be found:

(i) Minnesota has no substantial interest in providing a forum; or

(ii) the burden placed on the defendant by being brought under the state's jurisdiction would violate fairness and substantial justice.

See Minn.Stat. §543.19, subd. 1.

When personal jurisdiction has been challenged, the plaintiff has the burden to show that personal jurisdiction exists. See Burlington Indus.Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996). "To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing of personal jurisdiction over the defendant." Digi-Tel Holdings, Inc. v. Proteg Telecomms(PTE), Ltd., 89 F.3d 519, 522 (8th Cir. 1996); see also Elecs. For Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed.Cir. 2003)(stating that "where the district court's disposition as to the personal jurisdiction question is based on affidavits and other written materials in the absence of an evidentiary hearing, a plaintiff need only to make a prima facie showing that defendants are subject to personal jurisdiction.")

Therefore, when considering whether personal jurisdiction exists, the court may consider matters outside the pleadings whether by affidavit or other means as to inquire into the facts as they exist. See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998). Federal due process requires "minimum contacts" between "[a] non-resident defendant and the forum state such that `maintenance of the suit does not offend traditional notions of fair play and substantial justice." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

Under the minimum contacts analysis, a defendant may be subject to either specific or general jurisdiction. LSE Indus., Inc. v. Hubbell Lighting, Inc., 232 F.3d 1369, 1375 (Fed.Cir. 2000). Under the theory of general jurisdiction, a court may hear a lawsuit against a defendant who has "continuous and systematic" contacts with the forum

state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

Specific jurisdiction arises when a defendant purposely directs its activities at residents of the forum state and the litigation results from the alleged injuries that arise out of or relate to those activities, even if a defendant's contacts are isolated and sporadic. See Burger King Corp v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

B. Motion to Dismiss for Failure to State A Claim.

In deciding a motion to dismiss, the Court must assume all facts in the complaint to be true and construe all reasonable inferences from those facts in the light most favorable to the complainant. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986). The Court grants a motion to dismiss only if it is clear beyond any doubt that no relief could be granted under any set of facts consistent with the allegations in the complaint. Id.

## LEGAL ARGUMENT

### I. DISCOVERY IS NEEDED TO DETERMINE THE ISSUE OF GENERAL PERSONAL JURISDICTION.

Plaintiff's Complaint is not based on an assertion of general personal jurisdiction as it relates to Defendants Britto or for any of the named Defendants. Defendants Britto however submit affidavits and testimony outside of the pleadings to refute the notion of general jurisdiction but in doing so they raise additional questions as to whether general jurisdiction would actually apply in this case. The advent of the internet and applying its

characteristics to tradition laws on personal jurisdiction can be challenging and needs to be addressed in this case.

In the present case, Defendant Romero Britto, individually and through his corporate structure markets his work through a national and international marketing strategy through the use of his official web site which allows a consumer to shop his products from any place in the world. It is unclear from the affidavits submitted as to how many hits from this web site are generate from Minnesota, how many purchases have been made through the web site or subscriptions applied for by residents of Minnesota. (In fact, Defendants Britto completely ignore this web site altogether instead focusing on the physical location of the store.)

Plaintiff has no ability to access this information through public searches and would need to conduct limited discovery directed specifically to the use of the internet and this active web site which Plaintiff would contend was directed to all available markets in the United States including Minnesota.

Secondly, the alleged partnership with Ashley's Hallmark in Rochester, Minnesota also raises more questions as to whether Defendants Britto could reasonable expect to be hauled into court in Minnesota when they specifically enter into agreements with a retailer in the State of Minnesota to sell its products within the State of Minnesota. However, the nature of the partnership, what control Defendant Britto maintains over the retail of its products or the marketing of its products in the State of Minnesota are all relevant issues that need to be addressed prior to any meaningful determination of general personal jurisdiction can be made.

## II. MINNESOTA HAS SPECIFIC PERSONAL JURISDICTION OVER DEFENDANTS BRITTO.

Plaintiff's Complaint sets out the minimum contacts necessary to apply specific personal jurisdiction over Defendants Britto under Minnesota's long arm statute and the five factor test has set out by the 8th circuit, See Steinbucj v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008); citing Burlington, 97 F.3d at 1103. .

It is important to remember the legal standard for minimum contacts required by due process. They do not require any actual physical presence in a state and specific jurisdiction may be found where the nonresident defendant, such as Britto has purposefully directed its activities at residents of the state and the litigation results from alleged injuries that arise out of or relate to those activities. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476, 105 S.Ct. 2174, 2182 (1985); Barone v. Rich Bros. Interstate Display Fireworks Co., 25 F.3d 610, 612-13(8th Cir. 1994)(seller in distribution network that realizes economic benefit from sales in other states purposefully avails itself to those states' jurisdiction.)

In this particular case, Defendants Britto purposefully directed its activities at Ryan Mack who is a resident of the State of Minnesota. The first known activity involved the purchase of a Britto painting from Ryan Mack using a name to conceal the true identity of the purchaser and then requesting additional information to validate the artwork when the buyer knew such painting and Certificate of Authenticity was fraudulent. The activity continued when Britto then used Ryan Mack to secure information to bring a claim against Les Roberts after it had secured a promise that Ryan

Mack would not tip off Leslie Roberts which left him with no options to determine whether the painting he had in his gallery were fraudulent, whether the paintings he sold were fraudulent, and whether he could then limit the damages he would sustain by going directly to Leslies Roberts since he promised not to tip him off.

Instead, Defendants Britto were content to use Ryan Mack for their own personal gain and leave him to shoulder the costs associated with the sale of these fraudulent paintings for which Plaintiff now believes Britto knew or should have known were being sold well before Ryan Mack bought his first Britto painting from Defendant Leslie Roberts.

It should be no shock to Defendants Britto that they would be hauled into court in Minnesota given the intentional misrepresentation made in the purchase of a forged Britto painting in Minnesota and their activities directed specifically to Ryan Mack in Minnesota or the fact that the forged paintings still remain in Minnesota. Defendants Britto assert that Plaintiff must show that Romero Britto, Britto Central and Magical Thinking Art, Inc. each individually did a specific act or directed an act in Minnesota. However, Plaintiff asserts that Romero Britto as an individual, president and director of Britto Central and Magical Thinking Art is well aware of the activities directed at Ryan Mack within the State of Minnesota and that additional discovery will be needed to fully answer this question which is not unreasonable or unexpected.

## III. THE COMPLAINT ALLEGING INTENTIONAL MISREPRESENTATION IS PLED WITH PARTICULARITY AND SHOULD NOT BE DISMISSED.

The Federal Rules of Civil Procedure, Rule 9(b) requires a party to plead the

circumstances constituting fraud with particularity. Fed.R.Civ.P. 9(b). However, "malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Id. This rule of pleading is interpreted "in harmony with the principles of notice pleadings." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001.

Pleadings should be construed to do substantial justice. Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982); citing Fed.R.Civ.P. 8(f). "Specificity sufficient to supply fair notice of the nature of the action will withstand a motion under Rule 12(b)(6)." Id.; citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974); 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1216 at 120-121 (1969). "Although a pleading alleging fraud need not provide anything more than notice of the claim, it must contain 'a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct'." Schaller Telephone Co. v. Golden Sky Systems, Inc., 298 F.3d 736, 746 (8th Cir. 2002), quoting Abels, 259 F.3d at 920.

In the present case, Defendant Britto attempts to redefine the Complaint by asserting that the Complaint is vague because it failed to plead negligent misrepresentation. However, there is nothing vague about the allegation in this Complaint. Plaintiff asserts that Defendants Britto intentionally misrepresented the purchase of the forged Britto painting on September 11, 2009. The Complaint against Defendants Britto leaves no doubt in the reader's mind about the circumstances for that misrepresentation:

1) what was misrepresented/concealed to Plaintiff i.e. that guiccigm@hotmail.com was a legitimate buyer of the Britto artwork sold by Plaintiff;

2) how was the misrepresentations presented to Plaintiff; i.e. through a series of e-mails through Ebay;

3) who made the misrepresentations, i.e. Plaintiff alleges that the misrepresentation/concealment was made by a representative of Magical Thinking Art under the direction and knowledge of Britto Central and Romero Britto;

4) when were the misrepresentations/concealments made; the Complaint alleges September 11, 2009; and

5) why such activities were taken by Defendants Britto which was to conceal their activities from Plaintiff for their own personal gain.

The Complaint more than satisfies the requirement to plead the circumstances of fraud with particularity. Make no mistake Plaintiff alleges that Defendants Britto intentionally misrepresented the nature of the purchase of this forged Britto painting and was more than content to request a Certificate of Authenticity knowing that it was false while Ryan Mack was left to continue to address that he should have been informed of even prior to this fraudulent sale.

## IV. PLAINTIFF'S CLAIM FOR NEGLIGENCE STATES A CAUSE OF ACTION AGAINST DEFENDANTS BRITTO.

Plaintiff asserts in its Complaint that Defendants Britto were negligent in failing to disclose to Plaintiff in a timely fashion that the painting sold by Defendants Leslie Roberts et al. were fraudulent. Negligence is proved by measuring one's conduct against an objective standard of reasonable care or competence. In Minnesota one making representations is held to this duty of care when supplying information, either for the

guidance of others in the course of a transaction in which one has a pecuniary interest, or in the course of ones's business, profession or employment. See Bonhiver v. Graff, 248 N.W.2d 291, 298-99 (Minn. 1976).

In addition, Plaintiff asserts that under the circumstances Defendants Britto knew or should have known of the fraudulent scheme by Defendants Leslie Roberts et al. and that such scheme was necessitated by a failure to supervise those within its own organization who clearly assisted in the scheme and that under the circumstance Britto knew or should have known of this scheme and failed to warn Plaintiff.

A duty to disclose facts may exist under certain circumstances, such as when a confidential or fiduciary relationship exists between the parties or when disclosure would be necessary to clarify information already disclosed which would otherwise be misleading. Id.; see also Restatement (Second) Torts § 551 (1976). The Minnesota Supreme Court has also held that "[o]ne who has special knowledge of material facts to which the other party does not have access may have a duty to disclose these facts to the other party." Klien v. First Edina National Bank, 196 N.W.2d 619, 622 (Minn. 1972).The Minnesota Supreme Court has held that it was fraud for a bank to not disclose to a borrower that a bank depositor with whom the borrower was dealing was insolvent and was engaging in fraudulent business practices when the bank had actual knowledge of the fraudulent activities. Richfield Bank & Trust Co. v. Sjogren, 244 N.W.2d 648, 651 (Minn. 1976).

Lastly, Defendant Britto undertook to pursue Defendant Leslie Roberts et al. for the fraudulent scheme and affirmatively sought an order of the Court to confiscate all

fraudulent art work and have it destroyed. It is clearly established under tort law that one who undertakes to act, even when under no obligation to do so, thereby becomes obligated to act with reasonable care. See Slemp v. City of North Miami, 545 So.2d 256 (Fla. 1989). It is well establish in the law that one who voluntarily assumes a duty must exercise reasonable care or he will be responsible for damages resulting from his failure to do so. See Isler v. Burman, et al., 232 N.W.2d 818, 822 (Minn. 1975); citing Glanzer v. Shepard, 233 N.Y. 236, 239, 135 N.E. 275, 276, 23 A.L.R. 1425, 1427 (1922):

"* * * It is ancient learning that one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if he acts at all * * *."

See also Thelen v. Spilman, 251 Minn. 89, 86 N.W.2d 700 (1957); Restatement, Torts 2d, § 323; 65 C.J.S., Negligence, § 4(4).

In the present case, reading the Complaint in the light most favorable to Plaintiff the Complaint does state a claim upon which relief maybe granted and Defendants Brittos' motion should be denied in its entirety.

## CONCLUSION

Based on the above records and arguments, Plaintiff request an Order denying Defendants Romero Britto, Britto Central, Inc. and Magical Thinking Art, Inc.s' request to dismiss its Complaint for lack of personal jurisdiction and ordering that limited discovery be conducted to determine the facts necessary for a proper determination of general jurisdiction and denying the request to dismiss the complaint for failure to state a claim upon which relief may be granted.

Dated: 3-12-13

By: s/ Michael W. Lowden

Michael W. Lowden, #0282558
Attorney for Plaintiff
The Lowden Law Firm
5101 Thimsen Avenue, Suite 204
Minnetonka, MN 55345
Telephone: (952) 896-8000
Fax: (952) 835-6173