**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Ryan Mack, d/b/a<br>Griffin Galleries,<br><br>Plaintiff,<br><br>v.<br><br>Britto Central, Inc.; Magical Thinking Art, Inc. and Romero Britto; an individual,<br><br>Defendants. | CASE NUMBER: 13-cv-00197 SRN/JJG<br><br>**PLAINTIFF RYAN MACK D/B/A GRIFFIN GALLERIES' MEMORANDUM IN SUPPORT OF MOTION TO AMEND THE AUGUST 7, 2013 JUDGMENT AND VACATE THE AUGUST 6, 2013 MEMORANUM OPINION AND ORDER** |

---

## INTRODUCTION AND STATEMENT OF FACT

On February 19, 2013 the named Defendants brought a motion to dismiss Plaintiff's Complaint brought against them in Minnesota under Rule 12(b)(2) asserting this Court lacked personal jurisdiction over them and under Rule 12(b)(6) asserting that Plaintiff failed to state a claim upon which relief maybe granted.[1] See Legal Memorandum In Support Of Britto's Motion to Dismiss, Docket 15. The matter was heard on June 27, 2013.

On August 6, 2013, this Court issued a Memorandum Opinion and Order that held there was no personal jurisdiction over the Defendants in Minnesota and that in the alternative the Plaintiff's Complaint failed to state a claim upon which relief maybe granted.[2] Memorandum Opinion and Order, Docket 37. Plaintiff's Complaint was then dismissed with prejudice. Id. On August 7, 2013 Judgment was entered and the case was closed. Judgment, Docket 38.

[1] The Court does treat the motion to dismiss under Rule 12(b)(6) (failure to state a claim) as an alternative motion should the Defendants motion under Rule 12(b)(2)(lack of personal jurisdiction) fail.
[2] The Court dismissed only three of the four allegations against Defendant which does not fully address all the claims but for purposes of this motion this issue is moot.

On August 30, 2013, Plaintiff filed the current motion to amend the August 7, 2013 Judgment and to vacate the August 6, 2013 Memorandum Opinion and Order that dismissed Plaintiff's Complaint with Prejudice for failure to state a claim upon which relief maybe granted. Plaintiff's Motion to Amend, Docket 39.

## PROCEDURE

Plaintiff brings this motion under Federal Rules of Civil Procedure, Rule 59(e) to "alter or amend a judgment" which must be filed no later than 28 days after entry of the judgment. F.R.C.P., Rule 59(e)(Dec. 2009). For a party to prevail on a Rule 59(e) motion to amend or alter a judgment, a party must "clearly establish" (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006).

In the present case, Plaintiff asserts that this Court committed a manifest error of law when it proceeded to rule on Defendants' alternative motion to dismiss for failure to state a claim upon which relief maybe granted after the Court determined it lack jurisdiction over the Defendants. In addition, Plaintiff asserts that it is an error of law to dismiss Plaintiff's Complaint with prejudice once the court determines it lacks jurisdiction over the Defendants.

Plaintiff also moves this Court under Rule 52(b) which gives the trial court the ability to amend its findings and amend the judgment accordingly. F.R.C.P., Rule 52(b). The motion must be brought within 28 days after entry of the judgment and may accompany a Rule 59 motion. Id. Plaintiff is asking this Court to amend its findings by striking the provisions of its August 6, 2013 Memorandum Opinion and Order that determine Defendants' motion to dismiss for failure to state a claim upon which relief

maybe granted and to amend the judgment to dismiss Plaintiff's Complaint without prejudice for lack of personal jurisdiction.

In the alternative, Plaintiff seeks relief from the August 7, 2013 Judgment under F.R.C.P. Rule 60(b)(6). A party moving under Rule 60(b) must show "unusual or unique circumstances." See Pryor v. U.S. Postal Service, 769 F.2d 281, 286 (5th Cir. 1985). A motion under Rule 60(b) simply allows the court to "correct obvious errors or injustices." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977).

Plaintiff asserts that his request to the Court to amend the August 7, 2013 judgment and vacate the August 6, 2013 Memorandum Opinion and Order that decides the merits of the claim against the Defendants after this Court declared it lacked personal jurisdiction over the Defendants should be corrected by the court under Rule 60(b)(6) to make sure an injustice is corrected.

## LEGAL ARGUMENT

I. IT IS AN ERROR OF LAW FOR THE COURT TO RULE ON THE MERITS OF A CASE ONCE IT HAS DECLARED IT LACKED PERSONAL JURISDICTION OVER THE DEFENDANTS AND TO DISMISS THE COMPLAINT WITH PREJUDICE.

"Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them." Ruhrgas AG v. Marathon Oil. Co., 526 US 574, 577; 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999). As the Supreme Court noted in Ruhrgas A.G. the issues of jurisdiction whether personal or subject matter should be addressed first because a dismissal for lack of jurisdiction renders all other claims and motions moot. Id. at 584 ("Personal jurisdiction, too, is 'an essential element of the jurisdiction of a district . . . court,' without which the court is

'powerless to proceed to an adjudication.'" Citing Employers Reinsurance Corp. v. Bryant, 299 US 374, 382, 57 S. Ct. 273, 81 L. Ed. 289 (1937).

In this case it is clear that once the Court determined that it lacked personal jurisdiction over the Defendants it lacked the power to proceed on the remainder of Defendant's alternative motion to dismiss under Rule 12(b)(6). This exact issue was presented to the 6th Circuit Court of Appeals on November 8, 2012 in the case of Cosmichrome, Inc. v. Spectra Chrome, LLC, Opinion, Court Case No. 11-3697, Court of Appeals 6th Circuit, filed November 8, 2012 (Unpublished). See LowdenAff., Exhibit A.

In the Cosmichrome, Inc. case, the Defendants moved to dismiss the action under Rule 12(b)(2) (lack of personal jurisdiction) and Rule 12(b)(6) for failure to state a claim upon which relief maybe granted. Id. The trial court granted all of the Defendant's motion when the Plaintiff failed to respond. Id. Plaintiff then filed a Rule 59(e) motion to amend the judgment claiming their claims were not time-barred and in the process opined that since the trial court lacked personal jurisdiction, the case should have been dismissed without prejudice. Id. The trial court denied the Rule 59(e) motion. Id.

The 6th Circuit Court of Appeals held that once the trial court "found that it lacked personal jurisdiction over Defendants, the district court erred in proceeding any further by ruling that Plaintiffs' claims were time-barred on statute-of-limitations grounds and dismissing their complaint with prejudice." Id. citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999). The Appellate Court then held that case law in the sixth circuit required a trial court upon concluding that it lacked personal jurisdiction to dismiss the

case without prejudice and not with prejudice. Id. citing Intera Corp. v. Henderson, 428 F.3d 605, 620-21 (6th Cir. 2005).[3]

The rational and holding in the Cosmichrome, Inc. should be followed in this case and Plaintiff's respectfully request that the August 7, 2013 Judgment to amended to simply dismiss Plaintiff's Complaint without prejudice for lack of personal jurisdiction over the Defendants and that the August 6, 2013 Memorandum Opinion and Order that address Defendant's alternative motion under Rule 12(b)(6) be vacated or stricken.

**CONCLUSION**

Plaintiff requests that this Court amend the August 7, 2013 Judgment to dismiss Plaintiff's Complaint without prejudice for lack of personal jurisdiction. Plaintiff also requests that this Court vacate the August 6, 2013 Memorandum Opinion and Order by striking the portions of the Order that address Defendants Rule 12(b)(6).

Dated: 10 September, 2013

THE LOWDEN LAW FIRM, LLC.

By: *s/ Michael W. Lowden*

Michael W. Lowden, #0282558
Attorney for Plaintiff
4737 County Road 101, #304
Minnetonka, MN 55345
(952) 896-8000
mlowden@lowdenlawfirm.com

[3] This is consistent with F.R.C.P., Rule 41(b)(Involuntary Dismissal) is typically with prejudice except Orders for lack of jurisdiction, improper venue or failure to join a party.