**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

Ryan Mack,

Plaintiff,

v.

Les Roberts, et al.

Defendants,

CASE NO: 13-CV-00197-SRN-JJG

**MEMORANDUM IN OPPOSITION OF MOTION TO AMEND THE AUGUST 7, 2013 JUDGMENT AND VACATE THE AUGUST 6, 2013 MEMORANDUM OPINION AND ORDER**

---

Defendants, Britto Central, Inc., Magical Thinking Art, Inc., and Romero Britto ("Britto Parties"), by and through undersigned counsel, herby submit their memorandum in opposition to Plaintiff Ryan Mack's Motion to Amend the August 7, 2013 Judgment and Vacate the August 6, 2013 Memorandum Opinion and Order, as follows:

## PROCEDURAL BACKGROUND

On January 24, 2013, Plaintiff filed a Complaint against the Britto Parties in this Court alleging two causes of action for intentional misrepresentation and negligence. On February 13, 2013, the Britto Parties filed a motion to dismiss Plaintiff's Complaint for lack of personal jurisdiction and failure to state any cognizable cause of action. On March 12, 2013, Plaintiff filed a memorandum in opposition to the Britto Parties' motion to dismiss. On August 6, 2013, the Honorable Judge Susan Richard Nelson, after full briefing and oral argument where all parties were heard, entered an order properly dismissing the Complaint with prejudice on grounds that: (1) Plaintiff failed to establish

that the Court could exercise personal jurisdiction over the Britto Parties; and, in the alternative, (2) Plaintiff failed to state a claim upon which relief can be granted. On August 30, 2013, Plaintiff filed a Motion to Amend the August 7, 2013 Judgment and Vacate the August 6, 2013 Memorandum Opinion and Order ("Motion to Amend the Judgment") pursuant to Rule 59(e), Rule 52(b) and Rule 60(b) of the Federal Rules of Civil Procedure. On September 10, 2013, Plaintiff filed a Memorandum in Support of its Motion to Amend the Judgment wherein Plaintiff argues that the Court lacked authority to dismiss the Complaint with prejudice when the Court found it lacked personal jurisdiction over the Britto Parties.

For the reasons discussed below, the Britto Parties respectfully request that the Court: (1) deny Plaintiff's Motion to Amend the Judgment; and (2) grant such other and further relief as this Court deems necessary and proper.

## ARGUMENT

### I. The Court Did Not Commit A Manifest Error Of Law Under Rule 59(e) When The Court Dismissed The Case With Prejudice.

To prevail on a Rule 59(e) motion to alter or amend a judgment, Plaintiff bears a heavy burden to show that the Court's decision was clearly erroneous or constituted manifest injustice. *Piekarski v. Home Owners Sav. Bank, F.S.B.*, 759 F. Supp. 542, 545 (D. Minn. 1991) ("[O]ur Eighth Circuit Court of Appeals instructs that previously decided issues may be reconsidered "upon a showing of clear error or manifest injustice"). Generally, the practice of courts is to refuse to reopen judgments that have been decided. *Erie Conduit Corp. v. Metropolitan Asphalt Paving Association*, 560 F.

Supp. 305, 307 (E.D.N.Y. 1983). Motions brought under Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) provides that "a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

In the instant case, Plaintiff has failed to meet the burden of showing that the Court's decision constituted a plain error that affects the correctness of the judgment. *Seshachalam v. Creighton Univ. Sch. of Medicine*, 545 F. 2d 1147 (8th Cir. 1976). Plaintiff's only argument rests on the assumption that no court has the power to dismiss an action with prejudice for lack of jurisdiction. However, it is within the Court's authority to dismiss an action with prejudice for lack of jurisdiction. *Tuttle v. Lorillard Tobacco Company*, 118 F.Supp.2d 954, 965 (D. Minn. 2000) (granting defendant Worldwide's motion to dismiss for lack of personal jurisdiction, granting Worldwide and other defendants' motion to dismiss, dismissing two of the plaintiff's claims with prejudice and dismissing Worldwide with prejudice); *Auto Services Co., Inc. v. Auto Serv. Warranty, Inc.*, No. 3:11-CV-03095, 2012 WL 1574693, at *7 (W.D. Ark. May 3, 2012) (granting a motion to dismiss for lack of personal jurisdiction and dismissing the action with prejudice). In fact, "when a complaint is so deficient or defective that the court is convinced that its defects cannot be cured through re-pleading, dismissal with prejudice is appropriate." *Wang Xang Xiong v. Bank of Am., N.A.*, No. 0:11-CV-03377, 2012 WL 4470281, *14 (D. Minn. Aug. 10, 2012). *See also McLean v. United States*,

566 F.3d 391, 400 (4th Cir. 2009) ("to the extent . . . that a district court is truly unable to conceive of any set of facts under which a plaintiff would be entitled to relief, the district court would err in designating [a] dismissal to be without prejudice."). Therefore, the Court correctly dismissed the case with prejudice, and Plaintiff's motion under Rule 59(e) fails as a matter of law.

## II. Plaintiff's Motion Fails To Demonstrate Any Reason Why The Court Should Reconsider Its Findings Under Rule 52(b) And Any Attempt By Plaintiff To Re-File The Complaint Would Be Futile.

Rule 52(b) specifically states that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). "A motion for reconsideration [under Rules 52 and 59] must demonstrate two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature." *Dale & Selby Superette & Deli v. Dept. Of Agr.*, 838 F. Supp. 1346 (D. Minn. 1993) (internal quotations omitted). Plaintiff's Motion fails on both counts.

In the present case, Plaintiff seeks to amend the Court's findings, in which it dismissed the case with prejudice. Plaintiff contends the Court should have dismissed the Complaint without prejudice. However, Plaintiff's Motion merely recites the standard under Rule 52(b), but fails to explain how the Court's decision prejudices Plaintiff or affects the correctness of the judgment. Moreover, Plaintiff has made no attempt to explain why any amendment to the Court's findings will be beneficial to Plaintiff. As this Court properly found, Plaintiff's causes of actions are fatally flawed.

Even when construing the allegations of the Complaint in the light most favorable to Plaintiff, it is clear that Plaintiff cannot allege sufficient facts to state a cognizable claim. In fact, in the Memorandum Opinion and Order, the Court goes to great lengths in evaluating Plaintiff's various arguments and properly finds that Plaintiff failed to state causes of action for intentional misrepresentation, negligence, or negligent misrepresentation. Indeed, even if the Court grants Plaintiff's Motion to Amend the Judgment and dismisses the case without prejudice, Plaintiff would still not be able to state any actionable claims against the Britto Parties, because Plaintiff could not possibly allege facts necessary to support any claim for relief. In particular, as the Court properly found, Plaintiff could not allege: (1) any special relationship that existed between Plaintiff and the Britto Parties that might have given rise to a duty owed to Plaintiff by the Britto Parties, which is necessary to support a negligence or negligent misrepresentation claim; and (2) any misrepresentations or omissions by the Britto Parties, stemming from an anonymous buyer's purchase of artwork and request for certificates of authenticity, that were representations of a past or present fact and intended to induce Plaintiff to act, which are necessary to support an intentional misrepresentation claim. Thus, any efforts on the part of Plaintiff to cure the deficiencies in the Complaint would be futile.

In practice, dismissals are generally designed to spare litigants of unnecessary costs and delay associated with unwarranted and unnecessary litigation. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). Courts have an interest in assuring finality of judgments where reconsideration of a judgment would unfairly prejudice the

opposing party. *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir. 1977). After filing his initial Complaint, Plaintiff submitted an opposition brief to the Britto Parties' Motion to Dismiss with supporting declarations and affidavits, but none of which established enough facts to survive a 12(b)(6) motion to dismiss. Any attempt by Plaintiff to re-file his Complaint would unnecessarily delay litigation, waste valuable court resources, increase legal costs for both the Plaintiff and the Britto Parties, and cause additional damages and undue prejudice to the Britto Parties, who are being forced to defend against meritless claims.

For the reasons stated above, the Court should deny Plaintiff's Motion to Amend the Judgment under Rule 52(b).

### III. Plaintiff Failed To Show Grounds For Relief From A Final Judgment Under Rule 60(b).

To prevail on a Rule 60(b) motion, Plaintiff must give reasons that justify relief from a final judgment or order. Rule 60(b) specifically states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence…; (3) fraud…, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, Plaintiff's Motion to Amend the Judgment merely recites the standard of review for a Rule 60(b) motion and fails to apply the standard to the facts of this case. In the present case, Plaintiff himself argues in his Motion to Amend the Judgment that a party moving under Rule 60(b) must show unique and unusual

circumstances, but Plaintiff makes no such showing whatsoever justifying extraordinary relief from the judgment. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985) ("[I]mplicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a *sufficient* showing of unusual or unique circumstances justifying such relief")(emphasis added).

Moreover, Plaintiff argues that a Rule 60(b) motion allows the Court to correct obvious errors or injustices, but Plaintiff again fails to make a showing that the Court's decision constituted an obvious error or injustice under Rule 60(b). In fact, the same case Plaintiff uses to support this argument goes on to state that Rule 60(b) should not be used to substitute an appeal and "most liberally applies in default judgments" to correct technical errors, fraud or concealment. *Fackelman v. Bell,* 564 F.2d 734, 736 (5th Cir. 1977). The Court in *Fackelman* further explains that relief under Rule 60(b) should be weighed against a desire for finality of a judgment, predictability and orderliness of the Court process, especially where re-opening a case would unfairly prejudice the opposing party. *Id.* Plaintiff's Motion to Amend the Judgment is riddled with case history without alleging specific facts to support its motion under Rule 60(b). Without any substantive evidence to support Plaintiff's claims, the Court must deny Plaintiff's Motion to Amend the Judgment for failure to provide grounds which entitle Plaintiff to such relief.

Dated: October 1, 2013. Respectfully submitted,

By: /s/ Kaari Gagnon
**Robert Zarco**
Florida Bar No. 502138
*(Admitted pro hac vice)*

**Robert M. Einhorn**
Florida Bar No. 858188
*(Admitted pro hac vice)*
**Kaari Gagnon**
Florida Bar No. 046106
*(Admitted pro hac vice)*

**ZARCO EINHORN SALKOWSKI & BRITO, P.A.**
*Counsel for the Britto Parties*
Miami Tower
100 S.E. 2nd Street, Suite 2700
Miami, Florida 33131
Telephone: (305) 374-5418
Facsimile: (305) 374-5428

*-And-*

**William M. Topka**, #0339003
**Robert B. Bauer**, #227365

**DOUGHERTY, MOLENDA, SOLFEST, HILLS & BAUER, P.A.**
*Local Counsel for the Britto Parties*
7300 West 147th Street, Suite 600
Apple Valley, Minnesota 55124
Telephone: (952) 432-3136
wtopka@dmshb.com
rbauer@dmshb.com

*-And-*

**Mikhael Ann Bortz**
*Counsel for the Britto Parties*
Florida Bar No. 33285
*(Admitted pro hac vice)*

**BRITTO CENTRAL, INC.**
150 NW 25th Street
mikhael@britto.com
Telephone: (305) 938-2857
Telecopier: (786) 334-6123