**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Ryan Mack, d/b/a Griffin Galleries, | CASE NUMBER: 13-cv-00197 SRN/JJG |
| Plaintiff, | **PLAINTIFF RYAN MACK D/B/A GRIFFIN GALLERIES' REPLY MEMORANDUM IN SUPPORT OF MOTION TO AMEND THE AUGUST 7, 2013 JUDGMENT AND VACATE THE AUGUST 6, 2013 MEMORANUM OPINION AND ORDER** |
| v. | |
| Britto Central, Inc.; Magical Thinking Art, Inc. and Romero Britto; an individual, | |
| Defendants. | |

---

## LEGAL ARGUMENT

### I. <u>DEFENDANTS RESPONSIVE MEMORANDUM FAILS TO PROVIDE ANY AUTHORITY THAT THIS COURT CAN DISMISS A CASE ON THE MERITS AFTER FINDING IT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT</u>.

Defendant's Britto Central, Inc., Magical Thinking Art, Inc. and Romero Britto (Herein referred to collectively as "Defendants") attempt to persuade this Court that it has authority to rule on their alternative F.R.Civ.Proc., Rule 12(b)(6) motion to dismiss after initially finding it lacked personal jurisdiction over the Defendants because they found a couple of other federal district court cases that kind of did the same thing with no apparent objection.[1] However, in another similar procedural case out of the Second Circuit, the Second Circuit Court of Appeals remanded a case back to the district court because it failed to determine whether it had personal jurisdiction before dismissing the

[1] It should be noted that the cases cited by Defendants, i.e. <u>Tuttle v. Lorillard Tobacco Company</u>, 118 F.Supp.2d 954, 965 (D. Minn. 2000); <u>Auto Services Co. Inc. v. Auto Serv. Warranty, Inc.</u>, No. 3:11-CV-03095, 2012 WL 1574693, at 7 (W.D. Ark. May 3, 2012); <u>Wang Xang Xiong v. Bank of America, N.A.</u>, No. 011-CV-03377, 2012 WL 4470281, *14 (D. Minn. Aug. 10, 2012) and <u>McLean v. United States</u>,566 F.3d 391, 400 (4th Cir. 2009) provides no authority that a court can dismiss a complaint on a Rule 12 (b)(6) motion after it has found it lacked personal jurisdiction over one of the parties.

complaint under F.R.Civ.Proc., Rule 12(b)(6)for failure to state a claim. See Arrowsmith v. United Press International, 320 F.2d 219, 221 (2nd Cir. 1963). The Second Circuit Court of Appeals held the following:

> *We all agree it was error for the district court to proceed as it did. Not only does logic compel initial consideration of the issue of jurisdiction over the defendant – a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim – but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice. * * **

Id.

In this current case it was clearly erroneous for this Court to dismiss with prejudice Plaintiff's complaint when it granted Defendant's motion to dismiss for lack of personal jurisdiction and further lacked the power to dismiss with prejudice Plaintiff's Complaint for failure to state a claim upon which relief can be granted once jurisdiction had been decided in Defendants favor.

## II. **THE COURT'S ORDER AND JUDGMENT DOES PREJUDICE PLAINTIFF**.

Defendants argue that Plaintiff has not been prejudiced by the Court dismissing the complaint with prejudice. However, the prejudicial nature of such a ruling is self-evident. This Court's order and underlying judgment acts to preclude Plaintiff from pursuing the Defendant's in a venue that does have jurisdiction over them and secondly precludes Plaintiff from appealing this Courts' ruling that the Complaint failed to state a claim upon which relief can be granted because the Appellate Court would not have

jurisdiction over the Defendants in this case.[2] Without jurisdiction, the appeal would be summarily dismissed.

Plaintiff renews his request that this Court correct and amend the August 7, 2013 Judgment to dismiss Plaintiff's Complaint without prejudice for lack of personal jurisdiction. Plaintiff also requests that this Court vacate the August 6, 2013 Memorandum Opinion and Order by striking the portions of the Order that address Defendants Rule 12(b)(6).

Dated: 15 October, 2013

THE LOWDEN LAW FIRM, LLC.

By: *s/ Michael W. Lowden*

Michael W. Lowden, #0282558
Attorney for Plaintiff
4737 County Road 101, #304
Minnetonka, MN 55345
(952) 896-8000
mlowden@lowdenlawfirm.com

[2] Plaintiff would not appeal this Court's finding of lack of personal jurisdiction as it is unlikely the appellate court overturn this ruling.